1  WINSTON & STRAWN LLP
   Gail J. Standish (SBN: 166334)
2  e-mail: gstandish@winston.com
   Peter E. Perkowski (SBN 199491)
3  e-mail: pperkowski@winston.com
   333 South Grand Avenue, 38th Floor
4  Los Angeles, California 90071-1543
   Telephone:  (213) 615-1700
5  Facsimile:   (213) 615-1750

6  ROTHWELL FIGG ERNST & MANBECK
   Steven Lieberman (admission *pro hac vice* pending)
7  Minaksi Bhatt (SBN: 151312 – reactivation pending)
   Lisa N. Phillips (admission *pro hac vice* pending)
8  1425 K Street, N.W.
   Washington, D.C. 20005
9  Telephone: 202-783-6040
   Facsimile: 202-783-6031
10
   Attorneys For Defendant-Intervenor
11 SPEAR PHARMACEUTICALS, INC.

12

13              UNITED STATES DISTRICT COURT

14      FOR THE CENTRAL DISTRICT OF CALIFORNIA

15          SOUTHERN DIVISION – SANTA ANA

16 VALEANT PHARMACEUTICALS          ) Case No. 8:08-cv-00449-AG-AGR
                                     )
17 INTERNATIONAL,                    ) The Honorable Andrew J. Guilford
                                     )
18              Plaintiff,           ) **SPEAR PHARMACUETICAL,**
                                     ) **INC.'S NOTICE OF MOTION**
19              v.                   ) **AND MOTION TO INTERVENE**
                                     ) **AS OF RIGHT; MEMORANDUM**
20 MICHAEL O. LEAVITT, et al.,       ) **OF POINTS AND AUTHORITIES**
                                     )
21                                   )
                                     ) **Date:      TBD**
22              Defendants.          ) **Time:      TBD**
                                     ) **Court:     Room 10D**
23 and                               )
                                     )
24 SPEAR PHARMACEUTICALS, INC        )
                                     )
25              Defendant-Intervenor.)
                                     )
26

27

28

RECEIVED BUT NOT FILED

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 28 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1  TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on a date and time to be set by the Court, non-

3  party Spear Pharmaceuticals, Inc. ("Spear") will and hereby does move, under

4  Rule 24(a) of the Federal Rules of Civil Procedure, to intervene in the above-

5  captioned matter. Spear requests to intervene in order to file a Memorandum of Points

6  and Authorities in Opposition to Valeant's Application for Temporary Restraining

7  Order, filed on April 25, 2008.  Spear is prepared to file its opposition papers today.

8          This motion is based on this Notice of Motion and Motion, the Memorandum of

9  Points and Authorities attached hereto, and upon any additional argument or evidence

10 permitted by the Court at a hearing on this motion. The grounds for this motion are set

11 forth in the accompanying Memorandum of Points and Authorities.  A proposed order

12 accompanies this motion.

13         Spear has attempted to confer with counsel for Valeant pursuant to L.R. 7-3. At

14 approximately 5:00 p.m. EDT on Friday, immediately upon learning from Valeant of

15 the lawsuit, counsel for Spear asked Valeant's counsel whether Valeant would oppose

16 Spear's motion to intervene. After receiving no substantive response, counsel sent a

17 follow up letter on Sunday afternoon. Counsel received a response on Sunday evening

18 at 8:58 p.m. (EDT) advising that if Valeant's counsel received a copy of the draft

19 Motion and Memorandum and an explanation as to the issues on which Spear's

20 position differed from that of the FDA he would "consult with our client as to whether

21 it might consider not opposing" the intervention motion. Given Valeant's Friday

22 afternoon filing and request for a hearing on Monday (today), Valeant's response to

23 this standard pro forma request of an interested party for consent to intervene is quite

24 unreasonable.

25 ///

26 ///

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

1     Spear conferred with counsel for Defendants pursuant to L.R. 7-3 by telephone

2   conference.  Defendants' counsel stated that they take no position on the matter.

3

4

5   Dated:  April 28, 2008     Respectfully submitted,

6

7                                 WINSTON & STRAWN LLP

8

9

10   By: _____
                                        Gail J. Standish (State Bar No. 166334)
11                                  E-mail: gstandish@winston.com
                                        Peter E. Perkowski (State Bar No. 199491)
12                                  E-mail: pperkowski@winston.com
                                        WINSTON & STRAWN LLP
13                                  333 South Grand Avenue, 38th Floor
                                        Los Angeles, California 90071-1543
14                                  Telephone: 213-615-1700
                                        Facsimile: 213-615-1750

15                                  Steven Lieberman (admission pro hac vice pending)
                                        Minaksi Bhatt (SBN 151312 – reactivation pending)
16                                  Lisa N. Phillips (admission pro hac vice pending)
                                        ROTHWELL, FIGG, ERNST & MANBECK, P.C.
17                                  1425 K Street, N.W.
                                        Washington, D.C. 20005
18                                  Telephone: 202-783-6040
                                        Facsimile: 202-783-6031

19
                                        Attorneys for Defendant-Intervenor
20                                  Spear Pharmaceuticals, Inc.

21

22

23

24

25

26

27

28

SPEAR PHARMACEUTICAL, INC.'S MOTION TO INTERVENE

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On Friday, April 25, 2008, Valeant Pharmaceuticals International ("Valeant") brought this action against Michael O. Leavitt, Secretary of Health and Human Services, and Andrew C. Von Eschenbach, M.D., Commissioner of the Food and Drug Administration (the "FDA Defendants") seeking to require that the FDA suspend the approval of Spear's Abbreviated New Drug Application ("ANDA") No. 77-524 for fluorouracil cream, USP 5% ("Spear's ANDA"), the generic equivalent of Valeant's Efudex product. Spear has been selling its product since April 11, 2008 – the date it received final FDA approval. Concurrently with the filing of its Verified Complaint, Valeant moved for a temporary restraining order seeking the same relief. Spear received notice from Valeant of these filings shortly before 5 p.m. (EDT) on Friday.

### II.

### FACTUAL BACKGROUND

Valeant seeks an order that the FDA's approval of Spear's ANDA was not in accordance with the law, was arbitrary, capricious and an abuse of discretion, and, thus, should be suspended. Specifically, Valeant claims that, in the absence of bioequivalency studies directed to the treatment of superficial basal cell carcinoma ("sBCC"), Spear's ANDA should not have been approved. Spear's ANDA is supported by a clinical study with respect to actinic keratosis ("AK"), the indication for which 98% of Efudex prescriptions are written.

Valeant's attempts to block the timely approval of Spear's ANDA have been ongoing for more than three full years. Starting on December 21, 2004, just prior to Spear's January 6, 2005 application date, Valeant filed its Citizen Petition requesting that the FDA require all ANDA applicants attempting to receive approval to market generic equivalents to its Efudex product demonstrate bioequivalency through clinical

1

testing in what it characterized as the more difficult to treat approved treatment indication, sBCC.  Since that date, Spear's road to approval has been littered with roadblocks that Valeant has sought to place at each step of the process.

Should this Court grant the relief Valeant seeks, and require the FDA to suspend approval of Spear's ANDA, such a determination would result in substantial direct damage to Spear.  Upon intervention, Spear will vigorously argue that its ANDA approval should not be disturbed, providing the Court with a helpful supplement to the FDA Defendants' positions as well as information on the harm to it if a TRO were to issue.  Since Spear's interests may not coincide with the FDA Defendants', it is entitled to intervene in the present litigation.

Spear is prepared to file its opposition papers today (and is, in fact, submitting those papers concurrently with this filing).

## III.

## ARGUMENT

Spear has the right to intervene in this action. Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right and states, in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). This Circuit recognizes four requirements for intervention as of right under this Rule:

///

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

SPEAR PHARMACEUTICAL, INC.'S MOTION TO INTERVENE

(1)  [the movant] has a significant protectable interest relating to the property or transaction that is the subject of the action;

(2)  the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;

(3)  the application is timely; and,

(4)  the existing parties may not adequately represent the applicant's interest.

United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted). These requirements "are broadly interpreted in favor of intervention." Id. The burden of showing that all of the requirements for intervention have been met is on the movant. Id.

Under these authorities, intervention here is appropriate because, among other things:  (1) Spear has an undisputed interest in the subject matter of this action; (2) Spear's ability to protect this interest will be seriously impaired and impeded if it is not permitted to join this action and oppose any motion(s) for injunctive relief filed by Valeant; (3) Spear learned of the existence of this action on April 25, 2008, and has moved promptly to intervene; and, (4) the parties to this action may not adequately represent Spear's interest in this matter.

## A.  Spear Has a Significant Interest in the Property at Issue in the Action.

"An applicant for intervention has a significant protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." Alisal Water Corp., 370 F.3d at 919 (citation omitted).  Valeant seeks to obtain an order which would require the FDA to suspend Spear's ANDA approval.  Such suspension would result in substantial economic harm to Spear as well as reputational harm since Spear would not be able to provide its product to parties with whom it has already contracted.  Because Spear's ANDA

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

3

1  approval, without which it can not legally continue to sell its generic fluorouracil

2  cream, USP 5%, is at the heart of this action, its interest is obvious and profound.

3  **B.    Spear's Interest Would be Impaired If The Relief Valeant Requests Is**

4      **Granted.**

5      If this Court grants Valeant's requested relief and Spear's ANDA approval is

6  suspended, Spear's interests will be substantially impaired.  Here, the consequences of

7  denying intervention, in the event that Valeant prevails, would be devastating to

8  Spear.  Specifically, even though Spear could fight through administrative and judicial

9  paths to regain approval, reestablishing the status quo would be difficult and

10  burdensome.  Ghazarian v. Wheeler, 177 F.R.D. 482, 487 (C.D. Cal. 1997) ("[I]t is

11  not enough to deny intervention under 24(a)(2) because applicants may vindicate their

12  interests in some later, albeit more burdensome litigation.") (citation omitted).

13  Moreover, while Spear pursued other avenues to reinstate its approval, there would be

14  a substantial loss of revenues during that time period and those revenues would likely

15  never be redressed.  Thus, Spear also meets this requirement of Rule 24(a)(2).

16  **C.    Spear's Motion To Intervene Is Timely.**

17      "Determination of the timeliness of a motion to intervene depends upon (1) the

18  stage of the proceeding, (2) the prejudice to other parties, and (3) the reason for and

19  length of the delay."  Day v. Apoliona, 505 F.3d 963, 965 (9th Cir. 2007) (citation and

20  internal quotations omitted).  Here, Valeant filed this action on Friday, April 25, 2008,

21  just one business day ago.  The proceeding is at its very earliest stage.  Spear's

22  attorneys learned of the suit shortly before 5 P.M. (EDT) on Friday.  Just after

23  learning of the suit, Spear's counsel contacted counsel for both Valeant and the FDA

24  Defendants seeking their consent to this motion to intervene.  None of the parties

25  would be prejudiced here since there is no delay in Spear's seeking to intervene.  On

26  April 28, 2008, within one business day of learning of the filing of the initial

27  Complaint, Spear filed this motion to intervene as of right.  Spear's decision to

28

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

4

SPEAR PHARMACEUTICAL, INC.'S MOTION TO INTERVENE

# IV.

# CONCLUSION

Because Spear has demonstrated that it meets all of the requirements of Rule 24(a)(2), Spear respectfully requests that its motion to intervene as of right be granted.


Dated:  April 28, 2008          Respectfully submitted,

**WINSTON & STRAWN LLP**

By: _____
    Gail J. Standish (State Bar No. 166334)
    E-mail: gstandish@winston.com
    Peter E. Perkowski (State Bar No. 199491)
    E-mail: pperkowski@winston.com
    **WINSTON & STRAWN LLP**
    333 South Grand Avenue, 38th Floor
    Los Angeles, California 90071-1543
    Telephone: 213-615-1700
    Facsimile: 213-615-1750

    Steven Lieberman (admission pro hac vice pending)
    Minaksi Bhatt (SBN 151312 – reactivation pending)
    Lisa N. Phillips (admission pro hac vice pending)
    **ROTHWELL, FIGG, ERNST & MANBECK, P.C.**
    1425 K Street, N.W.
    Washington, D.C. 20005
    Telephone: 202-783-6040
    Facsimile: 202-783-6031

    Attorneys for Defendant-Intervenor
    **Spear Pharmaceuticals, Inc.**

SPEAR PHARMACEUTICAL, INC.'S MOTION TO INTERVENE