WINSTON & STRAWN LLP
Gail J. Standish (SBN: 166334)
e-mail: gstandish@winston.com
Peter E. Perkowski (SBN: 199491)
e-mail: pperkowski@winston.com
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
Steven Lieberman (admitted *pro hac vice*)
Minaksi Bhatt (SBN: 151312)
Lisa N. Phillips (admitted *pro hac vice*)
1425 K Street, N.W.
Washington, D.C. 20005
Telephone: 202-783-6040
Facsimile: 202-783-6031

Attorneys For Intervenor Defendant
SPEAR PHARMACEUTICALS, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, et al.,<br><br>Defendants.<br><br>and<br><br>SPEAR PHARMACEUTICALS, INC.<br><br>Intervenor Defendant. | Case No. SACV08-449 AG (AGRx)<br><br>The Honorable Andrew J. Guilford<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF SPEAR PHARMACEUTICALS, INC. IN SUPPORT OF ITS MOTION FOR EXECUTION ON BOND**<br><br>*REDACTED VERSION* |

Spear Pharmaceuticals, Inc. ("Spear") respectfully submits this memorandum in support of its motion for execution on the bond posted by Valeant Pharmaceuticals International ("Valeant").

## FACTUAL BACKGROUND

On May 31, 2008, this Court granted Valeant's application for a temporary restraining order ("TRO"). The Court's TRO order required the FDA to suspend Spear's ANDA approval for Spear's 5-fluorouracil cream product. As a result, Spear could not sell its product while the TRO was in effect. The TRO order of the Court that issued on May 31, 2008 required Valeant to post a $500,000 bond. Bhatt Dec. Ex. 1. On June 2, 2008, Valeant posted the bond. Bhatt Dec. Ex. 2.

At the conclusion of the June 10, 2008 preliminary injunction hearing, the Court extended the TRO until June 18, 2008 and ordered Valeant to post an additional $500,000 bond. Bhatt Dec. Ex. 3. On June 11, 2008, Valeant posted a bond in which the amount of the bond had been increased to $1 million. Bhatt Dec. Ex. 4.

On June 18, 2008, the Court issued its Findings of Fact and Conclusions of Law. The Court concluded that (1) Valeant had not demonstrated a likelihood of success on the merits; (2) entry of a preliminary injunction was not in the public interest; and (3) the harm to Valeant was outweighed by the harm to Spear. The Court also extinguished the TRO and denied the preliminary injunction.

Spear requests that the Court enter an order for execution on the bond because it has been wrongfully enjoined, is entitled to have the bond executed in its favor, and can prove damages up to the $1 million amount of the bond.

# ARGUMENT

## I.

## SPEAR HAS BEEN WRONGFULLY ENJOINED AND IS ENTITLED TO HAVE THE BOND EXECUTED IN ITS FAVOR

Rule 65(c) of the Federal Rules of Civil Procedure provides:

> (c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

Fed. R. Civ. P. 65(c).

The United States Court of Appeals for the Ninth Circuit in *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032 (9th Cir. 1994), has held that "before a court may execute a bond, it must find the enjoined or restrained party was 'wrongfully enjoined or restrained.' . . . a party has been wrongfully enjoined within the meaning of Rule 65(c) when it turns out the party enjoined had the right all along to do what it was enjoined from doing." *Id.* at 1036. "A finding that a party was wrongfully enjoined does not imply the court erred in issuing the injunction." *Sionix Corp. v. Moorehead*, 299 F. Supp. 2d 1082, 1086 (S.D. Cal. 2003) (citing *Nintendo*, 16 F.3d at 1036 n.4).

In this case Spear was wrongfully restrained because Spear prevailed in the preliminary injunction proceeding, and the Court extinguished the TRO and denied the preliminary injunction. *See Nintendo*, 16 F.3d at 1036.

In the Ninth Circuit, and in the majority of circuits, "there is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." *Nintendo*, 16 F.3d at 1036 (citing and quoting *National Kidney Patients Ass'n v. Sullivan*, 958 F.2d 1127, 1134

(D.C. Cir. 1992) (a "defendant injured by a wrongfully issued preliminary injunction is presumptively entitled to recover on the injunction bond")). "We believe the rule is sound. By adhering to this standard , the party enjoined will usually recover damages, thus discouraging parties from requesting injunctions based on tenuous legal grounds." *Nintendo*, 16 F.3d at 1037 (citing *Coyne-Delaney Co. v. Capital Dev. Bd.*, 717 F.2d 385, 392 (7th Cir. 1983)).

As demonstrated below, Spear is entitled to execution on the full amount of the bond ($1 million) because it incurred damages in excess of $1 million during the period in which it was unable to sell product because of the TRO (May 31 – June 18, 2008).

## II.
## SPEAR SUFFERED AT LEAST $1 MILLION IN DAMAGES BY REASON OF THE ISSUANCE OF THE TRO

**A.  Spear Had [REDACTED] In Reorders Waiting to Be Filled When the TRO Was Extinguished and the Preliminary Injunction Was Denied.**

Prior to the commencement of this lawsuit and entry of the TRO, Spear had been selling its 5-fluorouracil cream product. Basile Dec. ¶2. Specifically, Spear sold in excess of [REDACTED] of its product in the two weeks following its April 11, 2008 launch. Basile Dec. ¶2; Basile Dec. Ex. 1.

Spear's computer system allows existing customers to place unsolicited reorders for Spear's product by sending an electronic transmission. Basile Dec. ¶3. Therefore, Spear's computer system continued to receive reorder requests during the TRO period. Basile Dec. ¶3. Those reorders total over [REDACTED]. Basile Dec. ¶4; Basile Dec. Ex. 2. Most of the reorders were placed by customers who were out of product. Basile Dec. ¶5. The number of reorders would have been much higher; however, Spear's inability to fill reorders during the TRO period discouraged Spear's existing customers from placing additional orders. Basile Dec. ¶6.

**B.    Spear Sold More Than [REDACTED] of Product in the Two Days Following the Extinguishment of the TRO and the Denial of the Preliminary Injunction.**

After the TRO was extinguished and the preliminary injunction was denied, Spear on June 19, 2008 commenced sales of its product. Basile Dec. ¶7. On June 19 and 20, 2008, Spear sold more than [REDACTED] of product. Basile Dec. ¶8; Basile Dec. Ex. 3. In addition, by June 20, 2008, Spear had shipped product to at least one additional new customer account. Basile Dec. ¶9. Therefore, Spear has proven damages in excess of the full amount of the bond, $1 million, and the bond should therefore be executed in its favor in its entirety.

## CONCLUSION

For the foregoing reasons, Spear respectfully requests an order of execution on the bond in the amount of $1 million.

Dated: July 21, 2008            Respectfully submitted,

**WINSTON & STRAWN LLP**

By:    /s/ Peter E. Perkowski
Gail J. Standish (State Bar No. 166334)
E-mail: gstandish@winston.com
Peter E. Perkowski (State Bar No. 199491)
E-mail: pperkowski@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Steven Lieberman (admitted *pro hac vice*)
Minaksi Bhatt (SBN 151312)
Lisa N. Phillips (admitted *pro hac vice*)
**ROTHWELL, FIGG, ERNST & MANBECK**
1425 K Street, N.W.
Washington, D.C. 20005
Telephone: 202-783-6040
Facsimile: 202-783-6031

Attorneys for Intervenor Defendant
**Spear Pharmaceuticals, Inc.**

1505234_1