WINSTON & STRAWN LLP
Gail J. Standish (SBN: 166334)
e-mail: gstandish@winston.com
Peter E. Perkowski (SBN 199491)
e-mail: pperkowski@winston.com
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
Steven Lieberman (admitted *pro hac vice*)
Minaksi Bhatt (SBN: 151312)
Lisa N. Phillips (admitted *pro hac vice*)
1425 K Street, N.W.
Washington, D.C. 20005
Telephone: 202-783-6040
Facsimile: 202-783-6031

Attorneys For Intervenor Defendant
SPEAR PHARMACEUTICALS, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL O. LEAVITT, et al.,<br><br>　　　　Defendants.<br><br>and<br><br>SPEAR PHARMACEUTICALS, INC.<br><br>　　　　Intervenor Defendant. | Case No. SACV08-449 AG (AGRx)<br><br>The Honorable Andrew J. Guilford<br><br>**REPLY MEMORANDUM OF SPEAR PHARMACEUTICALS, INC. IN SUPPORT OF ITS MOTION FOR EXECUTION ON BOND** |

Spear Pharmaceuticals, Inc. ("Spear") respectfully submits this reply memorandum in support of its motion for execution on the bond that the Court required Valeant to post as a condition of entry of the temporary restraining order.

Valeant's argument that Spear's motion is premature relies on cases in which the bond was being executed after a preliminary injunction, not a temporary restraining order, was extinguished and is therefore without merit. Valeant's arguments regarding the effect of the FDA stay and whether orders were placed to satisfy existing or future demand are similarly unavailing. Spear has demonstrated that its customers wanted to purchase product from Spear, and but for the temporary restraining order Spear would have made those sales during the temporary restraining order period. Finally, Valeant's argument that Spear cannot benefit from the bond has already been rejected by this Court and is contrary to case law, as well as Valeant's correction of the bond to specifically identify Spear as one of the parties protected by the bond.

## ARGUMENT

### I.

### SPEAR'S MOTION FOR EXECUTION ON THE TEMPORARY RESTRAINING ORDER BOND IS NOT PREMATURE

Valeant's argument that Spear's motion for execution on the bond is premature because a final judgment has not been entered (Valeant Opp. at 2-4) is without merit. The United Stated District Court for the Southern District of California in *Qualcomm, Inc. v. Motorola, Inc.*, 185 F.R.D. 285 (S.D. Cal. 1999), rejected the argument that a motion for execution on a bond required for entry of a temporary restraining order must await a final decision on the merits. The Court explained that:

> A TRO is issued to preserve the status quo before a preliminary injunction hearing may be held. Generally, a TRO only remains in effect until the hearing on the preliminary injunction. In contrast, a preliminary injunction 'is a provisional remedy issued prior to final

1

> disposition of the litigation.' It is a 'device for preserving the status quo and preventing the irreparable loss of rights before judgment.' The Ninth Circuit's definition that 'wrongful enjoinment' is only determined 'when a party enjoined had the right *all along* to do what it was enjoined from doing' correlates with the concept that a preliminary injunction is intended to protect 'loss of rights *before judgment*' and to last until a final judgment is reached.
>
> A TRO, however, has a purpose different than that of a preliminary injunction. As such, the definition of 'wrongfully restrained' should equate with the proper function of a TRO, rather than a preliminary injunction. When a court denies a preliminary injunction after it has granted a contested TRO, the restrained party has been 'wrongfully restrained,' given that a TRO is only intended to last until a preliminary injunction hearing is held.

*Qualcomm*, 185 F.R.D. at 287-88 (internal citations omitted) (emphasis in original). Therefore, in this case, as in *Qualcomm*, Spear's motion can be decided now since the Court has extinguished the temporary restraining order and denied the preliminary injunction.

Virtually all of the cases on which Valeant relies involved situations in which the court was considering execution on a bond ordered upon entry of a preliminary injunction, not a temporary restraining order. *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032 (9th Cir. 1994); *Dass v. Tosco Corp.*, Nos. 07-55013, 07-55076, 2008 WL 2127938 (9th Cir. May 20, 2008); *Sionix Corp. v. Moorehead*, 299 F. Supp. 2d 1082 (S.D. Cal. 2003); *National Kidney Patient Ass'n v. Sullivan*, 958 F.2d 1127 (D.C. Cir. 1992); *Coyne-Daley Co., Inc. v. Capital Development Bd. Of the State of Illinois*, 717 F.2d 385 (7th Cir. 1983); *American Bible Society v. Blount*, 446 F.2d 588 (3d Cir. 1971); *Meeker v. Stuart*, 188 F. Supp. 272 (D.D.C. 1960). Thus, in these preliminary injunction cases it was appropriate for the parties to file their

motions for execution on the bond entered to protect the enjoined party during the preliminary injunction upon entry of a final judgment.

In the only case cited by Valeant concerning execution on a temporary restraining order bond, the court was applying Maryland *state* law, not federal law. *Network International L.C. v. Worldcom Technologies, Inc.*, 133 F. Supp. 2d 713 (D. Md. 2001). The case is also factually distinguishable as it involved a contract dispute between telecommunication carriers that was removed from state to federal court. *Network International*, 133 F. Supp. 2d at 714. The TRO had been entered by the state court and the issue before the federal court was whether the enjoined party was entitled to damages under the bond issued by the state court. *Network International*, 133 F. Supp. 2d at 714.

Valeant's argument that if it ultimately prevails, "then Spear will not be able to argue it "had the right all along to do what it was enjoined from doing" (Valeant Opp. at 3) ignores that fact that the bond was entered to protect Spear during the temporary restraining order period, not during the pendency of the entire action. Therefore, Spear's motion is not premature and should be decided at this time.

To the extent that Spear understands Valeant's argument that Spear did not comply with Local Rule 65-8 (Valeant Opp. at 4), Spear responds that it has served the surety. Bhatt Dec. Ex. 1.

## II.

## SPEAR'S MOTION SEEKS EXECUTION ON THE BOND
## FOR LOST SALES DURING THE TEMPORARY RESTRAINING ORDER

Valeant's argument that Spear seeks to recover sales that were lost prior to the entry of the temporary restraining order (Valeant Opp. at 4-7) ignores that fact that but for the entry of the temporary restraining order Spear would have been able to sell its products. Valeant argues that because some of Spear's reorders occurred during the FDA stay, the bond does not apply. Valeant Opp. at 5-6. However, Valeant's overly simplistic argument does not take into account that the FDA ultimately reaffirmed its

3

approval of Spear's product and Spear would have been able to sell its product during the temporary restraining order period if the temporary restraining order had not been entered. That is, Spear would have been able to sell its product on May 31, 2008, the day the temporary restraining order went into effect, *but for* the fact that the temporary restraining order had been entered. Because the temporary restraining order was in place, Spear could not, and did not, make those sales. Thus, Spear seeks execution on the bond for sales that it would have made during the temporary restraining order period, not during the FDA stay, and is entitled to the full amount of the bond.

Valeant's argument that Spear must prove that the reorders were in response to existing, as opposed to future, demand (Valeant Opp. at 6) is similarly without merit. The impetus for the reorders is irrelevant; what is relevant is that Spear's customers wanted to purchase product from it, but Spear was unable to fill their orders because of the existence of a temporary restraining order that was subsequently extinguished. Valeant's argument that there was no demand for Spear's product during the temporary restraining order period (Valeant Opp. at 6-7) is simply speculative and contrary to common sense.

Valeant does not and cannot argue that consumers stopped, or decreased, their purchases of the product at issue during the period in which Spear was unable to sell its product. That is, demand for the product continued. What changed was that during the temporary restraining order period, Spear, unlike Valeant, was unable to supply product. This lack in supply (that is, product that Spear could not supply during the temporary restraining order period), was necessarily filled by Valeant.

Valeant's evidentiary attacks on the Basile Declaration (Valeant Opp. at 7-8) are also unavailing. *First*, Mr. Basile's declaration is based upon his personal knowledge in his position as Senior Vice President, Sales and Marketing of Spears Dermatology Products, Inc. *Benhabib v. Hughes Electronics Corp.*, No. 04-0095, 2007 U.S. Dist. Lexis 87500 (C.D. Cal. Mar. 30, 2007) (declarations of senior director and employees were admissible over objections that the declarations were not based

4

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

on personal knowledge and lacked foundation); *Stuart v. UNUM Life Insurance Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000) (district court erred in excluding under Fed. R. Evid. 602 declaration of hospital's vice president).

*Second*, Valeant does not dispute that the reorder data in Mr. Basile's declaration and the business records attached thereto are "business records" under Fed. R. Evid. 803(6). These business records establish that Spear would have sold at least $1 million of product but for the entry of the temporary restraining order.

Valeant's argument that it needs to know the identities of Spear's customers (Valeant Opp. at 8) should be rejected because it is irrelevant when the reorders were placed. The relevant inquiry is whether the temporary restraining order precluded Spear from filling the reorders. As explained above, Spear would have been able to fill the reorders once the FDA reaffirmed its approval, *but for* the entry of the TRO. Demand for the product was constant and there were only two sources of product – Spear and Valeant (including Valeant's captive generic). The identities of Spear's customers were redacted because Spear is concerned that Valeant will use this information to its economic advantage.

## III.

## VALEANT'S ARGUMENT THAT SPEAR IS NOT ENTITLED TO THE BENEFIT OF THE BOND IS WITHOUT MERIT HAS ALREADY BEEN REJECTED BY THIS COURT AND IS CONTRARY TO ITS OWN ACTIONS

Valeant's final argument has already been considered and rejected by this Court. In its June 17, 2008, brief opposing an additional security bond, Valeant argued that because Spear was not the party enjoined it was not entitled to protection under the bond. Dkt. No. 109, Valeant's Brief Opposing An Additional Security Bond at 1-2. Spear responded to Valeant's brief on June 18, 2008, and addressed this issue. Dkt No. 120, Spear's Response to Valeant's Brief Opposing an Additional Security Bond at 1-5. This Court did not grant Valeant's motion and instead

5

extinguished the temporary restraining order and denied the preliminary injunction. Notwithstanding the failure of this argument, Valeant makes the identical argument in opposition to Spear's motion for execution on the bond (Valeant Opp. at 9-10).

Valeant's submission ignores the case most directly on point on the issue of whether Valeant should be required to submit an additional bond, *Glaxo Group Ltd. v. Leavitt*, No. 06-469 (D. Md.). In *Glaxo*, Roxane Laboratories ("Roxane"), the generic drug company that had intervened as a defendant asked the Court to order Glaxo Group Ltd. ("Glaxo") to post a bond to protect it against losses during the TRO period. Glaxo opposed the imposition of a bond arguing "[n]ormally in a case with a Government defendant since the Government can't suffer harm which this is, you don't have a bond." Bhatt Dec. Ex. 2, Tr. at 98. The Court rejected Glaxo's argument and ordered Glaxo to post a $3 million bond. Bhatt Dec. Ex. 2, Tr. at 103.

In *Timken Co. v. United States*, 569 F. Supp. 65, 71 (C.I.T. 1983), the court rejected the plaintiff's argument that Federal Rule of Civil Procedure 65(c) provides a "flat prohibition against requiring security for any party who is not actually enjoined or restrained." Like the present case, *Timken* involved a lawsuit filed by a private company against the government in which the private company claimed that the government had done something wrong and another private company intervened as a defendant in order to protect its interests in the matter. The court further held:

> The court finds Timken's rather narrow construction of rule 65(c) to be skewed. Rule 65(c), properly read, merely provides that as a condition precedent to the issuance of a retraining order or preliminary injunction security shall first be given to protect the enjoined party. That rule does not state that security may not be required to protect other party-litigants who may be harmed by the operation of an injunction which is subsequently found to have been wrongfully issued.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

*Timken*, 569 F. Supp. at 71. The court concluded that the plaintiff had to post a bond to protect the defendant intervenor because the "intervenor, will be the only party harmed if it should develop that the injunction was improvidently issued; and yet the government, as stakeholder and liquidator, is the only party who can be enjoined." *Timken*, 569 F. Supp. at 72. In this case, Spear's motion for execution on the bond should be granted because while only the government could be enjoined, Spear is the party that was harmed during the temporary restraining order period.

The court in *Timken* also distinguished *Powelton Civic Home Owners Association v. Department of Housing and Urban Development*, 284 F. Supp. 809 (E.D. Pa. 1968), one of the cases relied upon by Valeant. In *Powelton*, the party seeking the bond "'was named as a party defendant merely as a courtesy and in order to allow the Court to hear the local agency's point of view. They were not indispensable defendants; *nor have they been legally affected by our decision in this case*.'" *Timken*, 569 F. Supp. at 72 (quoting *Powelton*, 284 F. Supp. at 814) (emphasis in original). In this case, Spear's motion to intervene as of right was granted because, *inter alia*, Spear has an undisputed interest in the subject matter of this action and Spear's ability to protect this interest would have been seriously impaired and impeded if had not been permitted to join this action. Moreover, Spear was legally affected by the entry of the temporary restraining order.

None of the cases cited by Valeant involve a preliminary injunction ordering the FDA to suspend approval of a generic drug company's ANDA. All of the cases cited by Valeant are factually distinguishable. *System Operations, Inc. v. Scientific Games Development Corp.*, 555 F.2d 1131, 1136 (3d Cir. 1977) (Third Circuit held that the preliminary injunction should not have been granted and that the district court should have ordered the posting of a bond); *G.B.C., Inc. v. United States*, 302 F. Supp. 1283, 1285 (E.D. Tenn. 1969) (Eastern District of Tennessee ordered a stay, not a preliminary injunction; therefore, Federal Rule of Civil Procedure 65(c) was not applicable. In addition, the entities that sought the security were not parties to the

lawsuit.); *Equipment & Systems for Industry, Inc. v. Zevetchin*, 864 F. Supp. 253, 257-58 (D. Mass. 1994) (District of Massachusetts entered a preliminary injunction against two individuals who were accused of violating non-competition agreements that they had entered into when employed by the plaintiff. The court ordered the plaintiff to post a bond to protect the two individuals who were enjoined. The court did not order a bond to protect the new employer of the two individuals because it "was not a party to nor bound by the non-competition agreements."); *Ohio Asphalt Paving, Inc. v. Board of Comm'rs of Coshocton County, Ohio*, No. 05-336, 2005 WL 1865393 (S.D. Ohio Aug. 4, 2005) (Plaintiff filed a claim against the Board of Commissioners of Coshocton County, Ohio under 42 U.S.C. §1983, arguing that its due process and equal protection rights had been violated by the Board's determination that another company had submitted the "lowest and best bid." The court denied the bond request; however, the Board had merely determined that the intervenor defendant had submitted the "lowest and best bid," it had not awarded the contract).

In addition, Valeant's arguments are contrary to its own actions. When the temporary restraining order was entered, Valeant initially posted a bond in favor of only the Government Defendants. Bhatt Dec. Ex. 3. When Spear's counsel brought this to the attention of Valeant's counsel, Valeant's counsel conceded the error, and Valeant then posted a revised bond that also identified Spear as a beneficiary. Bhatt Dec. Ex. 4. Valeant's counsel did not argue that Spear was not protected by the bond. Having provided a bond that specifically names Spear, Valeant cannot now argue that Spear cannot seek execution on that bond.

# CONCLUSION

For the reasons in its opening brief and the foregoing reasons, Spear respectfully requests an order of execution on the bond in the amount of $1 million.

Dated: August 4, 2008         Respectfully submitted,

**WINSTON & STRAWN LLP**

By: /s/ Peter E. Perkowski
Gail J. Standish (State Bar No. 166334)
E-mail: gstandish@winston.com
Peter E. Perkowski (State Bar No. 199491)
E-mail: pperkowski@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Steven Lieberman (admitted *pro hac vice*)
Minaksi Bhatt (State Bar No. 151312)
Lisa N. Phillips (admitted *pro hac vice*)
**ROTHWELL, FIGG, ERNST & MANBECK**
1425 K Street, N.W.
Washington, D.C. 20005
Telephone: 202-783-6040
Facsimile: 202-783-6031

Attorneys for Intervenor Defendant
**Spear Pharmaceuticals, Inc.**