UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL,<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL O. LEAVITT, et al.,<br><br>         Defendants<br><br>and<br><br>SPEAR PHARMACEUTICALS, INC.<br><br>         Intervenor Defendant | CASE NO. SACV 08-449 AG (AGRx)<br><br>ORDER DENYING MOTION FOR EXECUTION ON BOND |

Before the Court is the Motion of Intervenor Defendant Spear Pharmaceuticals, Inc. ("Spear") for Execution on Bond ("Motion"). After considering all arguments presented by the parties, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff Valeant Pharmaceuticals International ("Valeant") is a pharmaceutical company that manufactures and markets Efudex® Cream. Spear is a pharmaceutical company that has

1  obtained permission from the Food and Drug Administration ("FDA") to manufacture and
2  market a generic version of Efudex® Cream. Valeant filed this lawsuit seeking to set aside the
3  FDA's approval of Spear's generic drug.
4        Valeant applied for a temporary restraining order to suspend the FDA's approval of
5  Spear's generic drug. On June 2, 2008, the Court issued the temporary restraining order. The
6  Court also ordered a bond of one million dollars. On June 16, 2008, the Court extinguished the
7  temporary restraining order and denied Valeant's motion for a preliminary injunction. Spear
8  now seeks to execute the bond.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(c), a court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A court may execute the bond on a restraining order if it finds that "the enjoined or restrained party was 'wrongfully enjoined or restrained.'" *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032 (9th Cir. 1994). "[A] party has been wrongfully enjoined within the meaning of Rule 65(c) when it turns out the party enjoined had the right all along to do what it was enjoined from doing." *Id.* at 1036.

## ANALYSIS

Valeant argues that Spear may not yet execute on the bond because the case has not yet been resolved. According to Valeant, the party seeking execution on a bond must have prevailed in the underlying litigation. Only in that way, argues Valeant, can a party show that it "had the right all along to do what it was enjoined from doing."

Spear counters by citing to *Qualcomm, Inc. v. Motorola, Inc.*, 185 F.R.D. 285 (S.D. Cal.

1999). In that case, like here, the party who had been subject to a temporary restraining order requested execution on the bond after the temporary restraining order was extinguished and the request for a preliminary injunction was denied. In that case, like here, the other party argued that the bond could not be executed until the resolution of the case. The court found that the bond could be executed.

The *Qualcomm* court reasoned that "wrongfully enjoined," which was defined by the Ninth Circuit to mean that the enjoined party "had the right all along to do what it was enjoined from doing," *Nintendo*, 16 F.3d at 1036, meant a different thing than "wrongfully restrained." Thus, the court reasoned that the standard for when a temporary restraining order is wrongfully issued is different than the standard for when a preliminary injunction is wrongfully issued. The court decided that a party is "wrongfully restrained" when "a contested TRO is dissolved because the party seeking the preliminary injunction fails to carry its burden at the preliminary injunction hearing." *Qualcomm*, 185 F.R.D. at 287.

This Court disagrees with *Qualcomm*. This Court does not read *Nintendo* to make a distinction between the definitions of "wrongfully enjoined" and "wrongfully restrained." Instead, *Nintendo* indicates that it uses the term "wrongfully enjoined" and not "wrongfully restrained" in its opinion merely to be accurate with language, and not because the terms mean different things. *See Nintendo*, 16 F.3d at 1036 n.3 ("Because this case involves a preliminary injunction rather than a temporary restraining order, we use the term 'wrongfully enjoined' rather than 'wrongfully restrained.'"). Thus, under *Nintendo*, "wrongfully restrained," like "wrongfully enjoined," means that the party restrained "had the right all along to do what it was [restrained] from doing."

This Court's decision is based on practical considerations as well. Spear should not be able to execute on the bond at this time if Valeant still has a possibility of winning the case. Spear has no justification for money on the bond, if Spear, in fact, never had a right to sell its product.

Accordingly, because Spear has not yet prevailed on the underlying litigation, and thus shown that it had a right all along to sell its product, it may not yet execute on the bond.

**DISPOSITION**

Spear's Motion is DENIED.

IT IS SO ORDERED.

DATED: August 11, 2008

_____

Andrew J. Guilford

United States District Judge